STATE of Missouri, Appellant,

v.

David L. McDONALD, Jr., Respondent.

No. WD 65123.

Missouri Court of Appeals, Western District.

Aug. 2, 2005.

Rehearing Denied Oct. 4, 2005.

David A. Baird, Office of Prosecuting Attorney, Maryville, for Appellant.

Sydney F. Weybrew, Jr., Maryville, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

The State of Missouri appeals a trial court decision sustaining David McDonald's motion to suppress evidence. The State argues that a campus police officer was justified under the fresh pur-

suit doctrine in pursuing and arresting McDonald outside of the officer's territorial jurisdiction. Finding no abuse of discretion by the motion court, we affirm.

### Facts

In the early morning hours of November 13, 2004, David L. McDonald, Jr., was driving through the campus of Northwest Missouri State University (hereinafter Northwest) in Maryville, Missouri, traveling at a speed above the posted speed limit. A Northwest campus police officer, Doug Cummins, observed McDonald's vehicle and, after activating his vehicle's emergency lights and siren, began pursuing McDonald through campus. Officer Cummins pursued McDonald off Northwest's campus where he eventually stopped him beyond the geographic boundaries of Northwest on a Maryville city street. Subsequent to the stop, Officer Cummins cited McDonald for state offenses of driving while intoxicated and failure to comply with a traffic-control device.

McDonald filed a motion to suppress alleging that the arrest was unlawful, in that, Officer Cummins pursued and arrested him outside of Cummins' territorial jurisdiction. At the suppression hearing, Officer Cummins testified that based upon his training and experience, he determined that the vehicle driven by McDonald was exceeding the posted speed limit of twenty miles per hour. Officer Cummins also testified that the traffic-control device faced northbound towards McDonald, the street was well lit, and the signage was approximately the same height as other speed limit signs located within the City of Maryville. Officer Cummins was unable to testify as to who set the campus speed limit or who posted the campus speed limit sign and upon what authority.

After the hearing, the motion court sustained the motion to suppress. This appeal follows.

### Standard of Review

Despite that Rule 84.04(e) requires a recitation of the standard of review, neither party has favored us to mention it in their brief. Where a trial court has granted defendant's motion to suppress, "we review the trial court's decision on appeal under an abuse of discretion standard," *State v. Pfleiderer,* 8 S.W.3d 249, 253 (Mo.App.1999), that is, the decision will be affirmed unless it is clearly erroneous. *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo. banc 1990). Whether evidence existed from which the trial court could have arrived at a contrary conclusion is immaterial. *State v. Davalos,* 128 S.W.3d 143, 147 (Mo.App.2004); *State v. Kampschroeder,* 985 S.W.2d 396, 398 (Mo. App.1999). The trial court may not be reversed if its decision is plausible, even if the reviewing court is convinced that it would have weighed the evidence differently sitting as the trier of fact. *Davalos,* 128 S.W.3d at 147. The issue of whether the Fourth Amendment and the state constitution have been violated, however, is a matter of law that is reviewed *de novo. Id.* The facts are viewed in a light favorable to the ruling of the trial court. *State v. Costa,* 11 S.W.3d 670, 679 (Mo.App.1999).

### Discussion

The government bears the burden of establishing that the defendant's motion to suppress should be overruled once the defendant makes a sufficient assertion of standing to raise a violation of Fourth Amendment Rights. *Milliorn,* 794 S.W.2d at 184. "By its clear language Section 542.296.6 places 'the burden of going forward with the evidence and the risk of nonpersuasion' on the state 'to show by

a preponderance of the evidence that the motion to suppress should be overruled.' " *Id.* It is self evident that, if challenged, the State must allege and provide evidence at the suppression hearing that an actual violation of the law occurred.

The focus of the suppression hearing was whether Officer Cummins had the authority under the fresh pursuit doctrine to pursue and arrest McDonald outside of Cummins' territorial jurisdiction for alleged traffic violations on the campus. At the hearing, McDonald argued that the State had not produced any evidence that a violation of state, county, or municipal law had occurred within Officer Cummins' territorial jurisdiction. Thus, McDonald claimed, the State could not demonstrate that the off campus arrest by Officer Cummins was legal under the fresh pursuit doctrine.

The State argued in response, that Officer Cummins was authorized under the fresh pursuit doctrine to follow and arrest McDonald off campus since Cummins observed a speeding violation while on campus. The State alleged that failing to ad-

here to the speed limit sign on Northwest Missouri State's campus was a violation of state law pursuant to Section 304.271[1] and, therefore, Officer Cummins was authorized in following McDonald outside of his territorial jurisdiction. Section 304.271 makes it a state law violation to fail to observe any "official traffic-control device." The State did not allege to the motion court that any municipal violation had occurred nor did it allege any other justification for the use of fresh pursuit other than the failure to obey a traffic-control device in violation of Section 304.271.[2]

■ We need not resolve the fresh pursuit issue because the State offered no evidence at the suppression hearing to support the alleged violation of Section 304.271 by McDonald. As mentioned above, an officer cannot justify an extra territorial arrest under the guise of fresh pursuit unless the officer reasonably believes that the individual committed a felony or if the individual has committed a misdemeanor or violated a municipal or county ordinance in the presence of the

---

**1.** 304.271. Observance of traffic-control devices-presumptions-violation, penalty

 1. The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of the law, unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in the law.

 2. No provision of the law for which official traffic-control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section does not state that official traffic-control devices are required, such section shall be effective even though no devices are erected or in place.

 3. Whenever official traffic-control devices are placed in position approximately conforming to the requirements of the law,

such devices shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence.

 4. Any official traffic-control device placed pursuant to the provisions of the law and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this chapter, unless the contrary shall be established by competent evidence.

 5. Notwithstanding the provisions of section 304.361, violation of this section is a class C misdemeanor.

**2.** That the State only alleged a state law violation at the suppression hearing is significant, because neither a trial court nor an appellate court may take judicial notice of a municipal ordinance. *City of Clarkton v. Manes,* 140 S.W.3d 297, 300 (Mo.App.2004).

officer. Section 544.157, RSMo 2000. At the suppression hearing, the State's only allegation of illegality was that McDonald violated the laws of the State of Missouri, specifically Section 304.271, by failing to adhere to a posted speed limit sign. Section 304.271 creates a presumption that all appropriately placed "official traffic-control devices" are presumed to have been placed by lawful authority and in compliance with the Chapter 304 unless competent evidence shows otherwise. The plain language of the statute is clear in that McDonald could not have violated Section 304.271 in this case unless the campus speed limit sign at issue qualifies as an "official traffic-control device." McDonald raised this issue at the suppression hearing.

Pursuant to the Section 304.271, an "official traffic control device" must be one "placed in accordance with the provisions of the law." Section 304.271.1, RSMo, 2000. The State first appears to argue that Section 174.703, which empowers state universities to enact conduct regulations on campus, provides the authority underlying the campus speed limit sign. Contrary to Northwest's assertion, however, Section 174.703 does not purport to regulate speed and traffic on Northwest's campus. It merely gives Northwest the authority to promulgate regulations of its own to control campus traffic.

■ The State additionally argues that Northwest's traffic and parking policies provide such authority and attempts to introduce such evidence for the first time here on appeal,[3] yet we cannot receive evidence that was not first put before the trial court and made part of the record. *Winston v. Dir. of Revenue*, 137 S.W.3d

502, 505 (Mo.App.2004). As a result, the record reveals no evidence that the traffic control device was placed pursuant to or authorized by any legal authority.

■ We cannot assume, nor could the motion court, that a street sign erected on Northwest's campus was "placed in accordance with the provisions of the law" without some evidence indicating that it was placed pursuant to law. The State would have us read Section 304.271 to presume that the campus speed limit sign was placed pursuant to law as a result of its existence; that the sign is legally placed because it is there. The statute, however, does not create such a logical loophole. It simply creates a presumption of legality and compliance with other requirements of Chapter 304 if some law authorizes the placement of the traffic control device. Having been shown no such evidence that the sign in question qualified as an "official traffic control device," the motion court was within its discretion in sustaining the motion to suppress. The trial court could have accurately concluded that the State did not properly allege any violation of Section 304.271, and since that was the State's only purported justification for the use of fresh pursuit by Officer Cummins, we cannot say that the motion court abused its discretion in suppressing the evidence.

■ The State also offers an alternative theory on how McDonald violated state law thus justifying the use of fresh pursuit by Officer Cummins; it suffers the same fate. The State alleges that the provisions of Section 172.749[4] apply to Northwest in the same way as to the University of Missouri. Section 172.749 pro-

3. Attached to the State's brief on appeal is a copy of the "parking and traffic policies" of Northwest Missouri State, however, they were not offered to the motion court nor could it take judicial notice of them.

4. 172.749. Violation of university regulations to have effect of municipal violation—assessment of points, effect of

Violations of any regulation established under sections 172.743 to 172.750 shall have

vides, generally, that violating the driving regulations on the campus roadways maintained by the University of Missouri is the same as a violation of a municipal ordinance. Assuming, without deciding, that the provisions of Section 172.749 and other similar statutes don't apply only to the University of Missouri but also extend to Northwest, the State's argument still must fail because of the evidentiary deficiency discussed above. Section 172.149 equates a violation of a University of Missouri driving regulation with a municipal ordinance violation. Even if Northwest is covered under this statute, the regulation violated must still be presented to the motion court because the court cannot take judicial notice of such regulations or ordinances. *See Manes,* 140 S.W.3d at 300; *State v. Mullenix,* 73 S.W.3d 32, 37 (Mo.App.2002).

 Under our standard of review we must affirm the motion court's decision if it is plausible under any theory and we cannot re-weigh evidence, especially evidence not introduced to the court below. *See Davalos,* 128 S.W.3d at 147. Because the State provided no evidence that the speed limit sign was "placed pursuant to the provisions of the law" as required under Section 304.271, and since a violation of Section 304.271 was the only violation alleged by the State, the court's decision sustaining the motion to suppress was not clearly erroneous. The decision of the motion court is affirmed.

ROBERT G. ULRICH, Judge, and JOSEPH M. ELLIS, Judge, concur.

the same effect as a violation of municipal ordinances adopted pursuant to section 304.120, RSMo, with penalty provisions as provided in section 304.570, RSMo. Points assessed against any person pursuant to section 302.302, RSMo, for a violation of sections 172.743 to 172.750 shall be the same as provided for a violation of a county or municipal ordinance. (Footnote omitted).