STATE of Missouri, Plaintiff–
Respondent,

v.

Hershel Burns DEATON, Defendant–
Appellant.

No. SD 31913.

Missouri Court of Appeals,
Southern District,
Division Two.

March 15, 2013.

Evan Joseph Buchheim, Jefferson City, for respondent.

Alexa Irene Pearson, for appellant.

MARY W. SHEFFIELD, J.

Hershel Burns Deaton ("Defendant") appeals his convictions for possession of chemicals with intent to manufacture a controlled substance and for possession of a controlled substance with intent to distribute. *See* § 195.420, RSMo (2000);

§ 195.211, RSMo Cum.Supp. (2011). He argues the trial court erred in overruling his motion to suppress evidence discovered during two searches of his vehicle and any testimony related to the searches of the vehicle. We disagree and affirm the trial court's judgment.

### Standard of Review [1]

■■■ "We review a trial court's ruling on a motion to suppress in the light most favorable to the ruling and defer to the trial court's determinations of credibility." *State v. Breese*, 250 S.W.3d 413, 418 (Mo. App. S.D.2008). "Our review of the ruling is limited to determining whether it was supported by sufficient evidence and we will reverse only if we find it to be clearly erroneous." *Id.* In conducting our review, we consider "evidence adduced at the hearing on the motion to suppress as well as evidence adduced at trial." *Id.* Finally, we will affirm the trial court's decision with respect to a motion to suppress evidence "if it is plausible under any theory." *State v. McDonald*, 170 S.W.3d 535, 540 (Mo.App. W.D.2005). *See also State v. McLaughlin*, 272 S.W.3d 506, 509 (Mo. App. E.D.2008).

### Factual and Procedural Background

On September 29, 2010, Angela Smith ("Smith") contacted Stoddard County Sheriff's Deputy Keith Haynes ("Deputy Haynes") and told him a man she knew as Mr. Huff (who was later identified as De-fendant) wanted her to provide him with pseudoephedrine pills to manufacture methamphetamine. Deputy Haynes met with Smith and listened while Smith and Defendant spoke on the telephone about the planned transaction. The purpose of the conversation was to arrange a trade of pseudoephedrine pills for methamphet-amine. Defendant wanted the pills so he could make more methamphetamine.

A few days later, Deputy Haynes again met with Smith. This time, Deputy Haynes gave her three marked boxes of pseudoephedrine pills and a digital record-er. Deputy Haynes then followed Smith to her home while Deputy Dennis Fowler ("Deputy Fowler") set up surveillance of Smith's home.

Deputy Fowler had been told to look for a green SUV. After getting into position at Smith's home, he observed a green SUV pull into the driveway. He observed a man get out of the car and go into Smith's home. The man Deputy Fowler observed entering Smith's home was subsequently identified by Smith as being Defendant.

Once Defendant was inside, he and Smith talked for a while. Smith then gave Defendant the three boxes of pseu-doephedrine. Defendant left a cigarette package and told Smith there was meth-amphetamine in the package. He suggest-ed Smith take some of the methamphet-amine because she was sick, and it would make her feel better. After about twenty

---

1. The State argues Defendant's argument is not preserved for appellate review because the argument Defendant makes on appeal— that the confidential informant's statements could not give rise to a finding of probable cause because the confidential informant was not reliable—was not raised in the motion to suppress or the motion for new trial. In the motion to suppress and the motion for new trial, Defendant argued there was no probable cause for his arrest and consequently the searches of his vehicle were unlawful. The factual arguments made on appeal address that broad legal issue and were specifically presented to the trial court during Defen-dant's argument at the hearing on the motion to suppress. While it would have been better practice to have included such factual support in the written motion, we believe finding the error to be unpreserved in the present case would put form over substance because the argument was in fact presented to the trial court.

minutes, Deputy Haynes called Smith so she would have an excuse to ask Defendant to leave.

When Deputy Fowler observed the SUV leave Smith's home, he called Deputy Haynes. Deputy Haynes then spoke with Smith who identified Defendant and informed Deputy Haynes Defendant had taken the pseudoephedrine pills and left a cigarette package that was supposed to contain methamphetamine. Deputy Haynes arranged for two uniformed deputies to stop Defendant's vehicle. Deputy Haynes was right behind the uniformed deputies when they stopped Defendant. Deputy Haynes arrested Defendant, and Defendant was placed in handcuffs. Deputy Haynes conducted a brief search of the SUV and discovered the three boxes of pseudoephedrine in the vehicle's center console. The SUV was then transported to the sheriff's department for safety reasons.

Meanwhile, Deputy Fowler went to Smith's home to retrieve the recorder and the methamphetamine. Smith showed him the cigarette package, but when Deputy Fowler opened it, it contained rolled up paper instead of methamphetamine. Deputy Fowler confronted Smith, asking her if she had kept the methamphetamine. She denied it. Deputy Fowler called Deputy Haynes to tell him about the discovery.

One of the uniformed deputies drove the SUV to the sheriff's department. There, he searched the vehicle and found "a cigarette package which contained a clear plastic bag which had a white powdery substance inside." The cigarette package was the same brand as the package Defendant had left with Smith. Later testing showed the white powder was 1.06 grams of methamphetamine.

Defendant was charged with possession of chemicals with intent to manufacture a controlled substance and possession of a controlled substance with intent to distribute. Prior to trial, Defendant filed a motion to suppress the items seized from his vehicle and any testimony related to the searches of the vehicle. In the motion to suppress, he argued there was no probable cause to arrest him because the deputies quickly learned Defendant had not left methamphetamine at Smith's home and the pseudoephedrine pills alone were not evidence of a crime. Thus, the search was not lawful as a search incident to arrest. At the hearing on the motion to suppress, defendant's attorney made the additional argument that Smith's statements could not support a finding of probable cause because Smith had not provided reliable information in the past. The trial court overruled Defendant's motion to suppress, stating "the searches conducted by law enforcement officers were incident to the lawful arrest of defendant."

Defendant was later tried by a jury. In addition to testimony regarding the events described above, the State introduced into evidence a recording of the conversation between Smith and Defendant during which they planned the transaction. The State also introduced the recording of the transaction in which Smith gave Defendant the pseudoephedrine pills in exchange for what Defendant told Smith was methamphetamine. The jury found Defendant guilty on both counts, and this appeal followed.

### Discussion

In his sole point on appeal, Defendant claims the trial court erred in overruling his motion to suppress because there was no probable cause for his arrest as Smith had not provided reliable information in the past and her statements had not been corroborated. Because there was no probable cause for the arrest, Defendant's argument continues, the searches of

his car were unlawful. We disagree. In this case, the validity of the search does not depend on the search incident to arrest exception. Rather, there was no error in overruling the motion to suppress because there was probable cause to search the vehicle.[2]

■ The Fourth Amendment protects citizens from unreasonable searches and seizures. *Breese*, 250 S.W.3d at 418. Under most circumstances, a warrantless search is presumptively unreasonable. *Id.* However, a warrantless search will not offend the Fourth Amendment if it was conducted pursuant to a well-recognized exception. *Id.* The automobile exception is such an exception. *Id.*

■ "[T]he automobile exception to the warrant requirement allows an officer to search a vehicle and seize contraband when probable cause exists." *State v. Middleton*, 995 S.W.2d 443, 458 (Mo. banc 1999). "Probable cause to search an automobile exists when objective facts, under the totality of the circumstances at the time of the search, would lead a reasonably prudent individual to believe that contraband was located in the automobile." *Breese*, 250 S.W.3d at 419 (quoting *State v. Irvin*, 210 S.W.3d 360, 362 (Mo.App. W.D. 2006)). This does not demand certainty, only "a fair probability that contraband or evidence of a crime will be found." *State v. Meyers*, 992 S.W.2d 246, 248 (Mo.App.

E.D.1999) (quoting *State v. Berry,* 801 S.W.2d 64, 66 (Mo. banc 1990)).

■ "Personal knowledge of [an] informant corroborated through other sources is enough to establish probable cause." *Meyers*, 992 S.W.2d at 248. "An informant's veracity, reliability and basis of knowledge, while relevant to determining probable cause, are not separate and independent requirements to be rigidly exacted in every case. . . . They should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question of whether there is probable cause. . . ." *State v. Ford*, 21 S.W.3d 31, 34–35 (Mo.App. E.D. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)) (internal quotations omitted). "Under the totality of the circumstances test, a deficiency in one area can be compensated for by a strong showing of another or by 'some other indicia of reliability.'" *Ford*, 21 S.W.3d at 35 (quoting *Gates*, 462 U.S. at 233, 103 S.Ct. 2317). As relevant to the present case, "[c]orroboration can occur by independent police work, such as observations of the police themselves." *Ford*, 21 S.W.3d at 35. Courts have held that probable cause to search exists where an identified informant provides information which leads to subsequent police surveillance and investigation that corroborates the information provided by the informant. *Meyers*, 992 S.W.2d at 249; *State v. Webb*, 824 S.W.2d

---

2. As mentioned above, the trial court overruled the motion to suppress based on the argument that the searches were valid searches incident to arrest. That reasoning is not correct. Under *Arizona v. Gant*, 556 U.S. 332, 335, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), law enforcement officers may not search a vehicle incident to arrest once the occupant has been secured and cannot access the interior of the vehicle. Here, Defendant was immediately arrested and placed in handcuffs. That took place prior to the first search

of the vehicle. Thus, at the time of both searches, Defendant could no longer access the interior of the vehicle and the searches could not be justified based on the search incident to arrest exception. *See Gant*, 556 U.S. at 335, 129 S.Ct. 1710. However, we may affirm the trial court's ruling if it is plausible on any theory. *McDonald*, 170 S.W.3d at 540. As discussed in detail below, the trial court reached the correct result because there was probable cause to search the SUV under the automobile exception.

464, 468 (Mo.App. S.D.1992); *State v. Collins,* 816 S.W.2d 257, 258–59 (Mo.App. E.D.1991).

Here, the informant was identified, the deputies overheard conversations between Defendant and the informant, and the deputies observed Defendant's actions. The combination of those facts with Smith's statements, based on her own personal knowledge, provided probable cause to · search Defendant's car. Deputy Haynes overheard Smith and Defendant discussing an exchange of pseudoephedrine pills for methamphetamine. After the transaction, Smith told Deputy Haynes Defendant had taken the pseudoephedrine and had left a package which Defendant said contained methamphetamine. Thus, at the time of the roadside search, the officers had overheard Defendant's own statements about his plan to exchange methamphetamine for pseudoephedrine, had observed a man matching Defendant's description arriving to make that exchange as agreed, and had been told the exchange had just occurred. These facts would lead a prudent person to believe Defendant in fact possessed pseudoephedrine for the purpose of making methamphetamine and evidence of that crime, in the form of pseudoephedrine pills, would be found in the car. Consequently, there was probable cause to search the vehicle at that time.

 The second search of the SUV which occurred at the sheriff's department was also justified by probable cause. First, "[i]f the police have probable cause to justify a warrantless seizure of an automobile on a public roadway, they may conduct either an immediate or a delayed search of the vehicle." *State v. Childress,* 828 S.W.2d 935, 943 (Mo.App. S.D.1992). Second, after the arrest, Deputy Fowler learned Defendant had not left methamphetamine with Smith as planned. Yet Defendant's statements to Smith, urging her to take the methamphetamine, suggested he believed the package contained methamphetamine. From this, a reasonably prudent officer would be justified in believing it was probable Defendant still possessed the methamphetamine. As there was probable cause to believe the vehicle contained methamphetamine, the search at the sheriff's department was justified under the automobile exception to the warrant requirement, and the trial court did not err in denying Defendant's motion to suppress.

 Defendant, citing *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), for the proposition that additional information is required when a tip "has a low degree of reliability[,]" argues there was no probable cause because Smith had not provided reliable information in the past and her information in this instance was vague, unverified hearsay. This argument is flawed in several respects.

First, demonstrating an informant has provided reliable information in the past is not essential in every case. *See Ford,* 21 S.W.3d at 34–35. Here, Smith's information was corroborated by the officers' own observations and so was sufficient to support a finding of probable cause. Second, Defendant's characterization of Smith as an unreliable informant is at odds with the testimony adduced. Nothing in the testimony suggested Smith had given unreliable information. Rather, Deputy Haynes testified a previous attempt to conduct a controlled buy had not been successful because the target had not shown up. In fact, listening to the conversations between Smith and the targets led Deputy Haynes to believe Smith had been truthful throughout the investigation. To infer from one previous failed attempt that Smith was unreliable is contrary to the trial court's ruling and ignores evidence

favorable to the ruling. As such, that argument is not persuasive under our standard of review. *See Breese*, 250 S.W.3d at 418. Finally, the information Smith provided was not hearsay. Rather, it was based on her own personal knowledge and interactions with Defendant, some of which the officers overheard. Defendant's attempt to portray this as a case analogous to those involving hearsay tips from unidentified informants simply cannot survive a close review of the record.

The police had probable cause to search Defendant's vehicle based on the information from Smith which they corroborated through their own investigation and observation. Defendant's sole point is denied.

### Decision

The trial court did not err. The trial court's judgment is affirmed.

DANIEL E. SCOTT, P.J., and DON E. BURRELL, C.J., concur.