

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | **WD81717** |
| v. | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **August 6, 2019** |
| DENNIS W. DELAPP, II, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Pettis County, Missouri
The Honorable Robert L. Koffman, Judge**

**Before Special Division:** Zel M. Fischer, Special Judge, Presiding,
Karen King Mitchell, Chief Judge, and Lisa White Hardwick, Judge

Dennis Delapp appeals, following a jury trial, his convictions of possession of a controlled

substance (methamphetamine) with intent to deliver, § 195.211,[1] unlawful possession of a firearm,

§ 571.070, and possession of drug paraphernalia with intent to use, § 195.233, for which he was

sentenced as a persistent felony offender to concurrent terms of fifteen and seven years'

imprisonment in the department of corrections and one year in the county jail, respectively. Delapp

raises a single point on appeal; he argues that the trial court erred in overruling his motion to

---

[1] All statutory references are to the Revised Statutes of Missouri, as updated through the 2015 supplement, unless otherwise noted.

suppress and admitting into evidence contraband found upon a search of his vehicle. Finding no error, we affirm.

## Background[2]

On February 6, 2016, Officer David Smith of the Sedalia Police Department was investigating a residence at 1004 South Osage following a report from a historically reliable confidential informant a man named "Denny" was selling methamphetamine out of the basement. The confidential informant advised that "Denny" drove a tan Chevy Blazer, lived in Warrensburg, and would drive between Sedalia and Warrensburg to restock his drug supply. Based upon the confidential informant's information, Officer Smith located a tan Chevy Blazer at 1004 South Osage earlier in the week and ran a check on the license plates. The Blazer was registered to Dennis Delapp with an address in Warrensburg.

As Officer Smith was surveilling the residence, he saw two people exit, get into the Blazer, and begin to drive away. Officer Smith then got into his vehicle and pursued the Blazer. While in pursuit, Officer Smith contacted a canine officer to meet him with a drug dog. A few blocks later, Officer Smith activated his lights and siren and pulled the Blazer over.[3]

After stopping the vehicle, Officer Smith approached the driver (subsequently identified as Dennis Delapp), obtained information about both Delapp and the passenger, and then returned to his vehicle to run a check on their licenses. Officer Smith requested Delapp's consent to search the vehicle, but Delapp refused. Officer Smith then had Officer Lorenz (the canine officer) deploy the drug dog to conduct an external examination of the Blazer. The dog alerted at the driver's side door. Officers Smith and Lorenz then searched the interior of the Blazer, specifically the

---

[2] In reviewing the denial of a motion to suppress, we review both the record of the suppression hearing and the trial. *State v. Donovan*, 539 S.W.3d 57, 64 (Mo. App. E.D. 2017).

[3] Because Delapp specifically states that he is not challenging the stop, itself, but is, instead, challenging only the subsequent search of the vehicle, we do not detail the additional facts surrounding the stop.

driver-side door, and located a loaded handgun with hollow-point ammunition; some methamphetamine pipes; 0.46 grams of methamphetamine in small, zip-style baggies; and a digital scale.

The State charged Delapp, as a persistent felony offender, with possession of a controlled substance with intent to deliver, unlawful possession of a firearm, and possession of drug paraphernalia with intent to use. Before trial, Delapp filed a motion to suppress the contraband found in his vehicle, arguing that it was the fruit of an unlawful warrantless search. At the suppression hearing, Officer Smith testified to the above facts, and the trial court overruled the motion to suppress. Delapp was granted a continuing objection throughout trial to evidence pertaining to the search and the items discovered as a result. The jury found Delapp guilty as charged, and the trial court sentenced him to concurrent terms of fifteen and seven years' imprisonment in the department of corrections and one year in the county jail. Delapp appeals.

**Standard of Review**

"Appellate review of the denial of a motion to suppress is limited to a determination of whether there is substantial evidence to support the ruling." *State v. Donovan*, 539 S.W.3d 57, 64 (Mo. App. E.D. 2017). "In making this determination, this court reviews both the record of the suppression hearing and the trial." *Id*. "We give deference to the trial court's factual findings and credibility determinations, but questions of law, including whether the Fourth Amendment has been violated, are reviewed *de novo*." *Id*. at 64-65.

**Analysis**

Delapp raises a single claim of error on appeal. He argues that the trial court erred in overruling his motion to suppress and admitting into evidence the contraband found in his vehicle because, he claims, there was no probable cause to search the vehicle.[4] We disagree.

_____

[4] As mentioned, *supra*, in note 3, Delapp does not challenge the legality of the vehicle stop.

3

"The Fourth Amendment protects citizens from unreasonable searches and seizures." *State v. Deaton*, 395 S.W.3d 50, 54 (Mo. App. S.D. 2013). "Under most circumstances, a warrantless search is presumptively unreasonable." *Id.* "However, a warrantless search will not offend the Fourth Amendment if it was conducted pursuant to a well-recognized exception." *Id.* "The automobile exception is such an exception." *Id.*[5]

"[T]he automobile exception to the warrant requirement allows an officer to search a vehicle and seize contraband when probable cause exists." *Id*. (quoting *State v. Middleton*, 995 S.W.2d 443, 458 (Mo. banc 1999)). "Probable cause to search an automobile exists when objective facts, under the totality of the circumstances at the time of the search, would lead a reasonably prudent individual to believe that contraband was located in the automobile." *Id*. (quoting *State v. Breese*, 250 S.W.3d 413, 419 (Mo. App. S.D. 2008)). "This does not demand certainty, only 'a fair probability that contraband or evidence of a crime will be found.'" *Id*. (quoting *State v. Meyers*, 992 S.W.2d 246, 248 (Mo. App. E.D. 1999)).

Delapp, recognizes that information provided by an informant can establish probable cause, but he argues that probable cause was lacking in his case because the State failed to establish either that the informant was reliable or that the information provided had been sufficiently corroborated. He argues that both were required for there to be probable cause to search his vehicle. We disagree that probable cause to search was lacking.

"Personal knowledge of [an] informant corroborated through other sources is enough to establish probable cause." *Id*. (quoting *Meyers*, 992 S.W.2d at 248). "Moreover, *while it is not necessary to establish the past reliability of the informant*, 'factual statements of past reliability are [also] a sufficient basis for the magistrate to gauge independently the reliability of an informer.'" *State v. Robinson*, 454 S.W.3d 428, 439 (Mo. App. W.D. 2015) (emphasis added)

---

[5] Delapp does not challenge the trial court's application of the automobile exception.

(quoting *State v. Laws*, 801 S.W.2d 68, 69-70 (Mo. banc 1990)). And, though an informant's "veracity, reliability, and basis of knowledge are all relevant considerations, . . . [they] are only factors to be considered in the totality of the circumstances; a deficiency in one can be compensated for by a strong showing of some other 'indicia of reliability.'" *State v. Turner*, 471 S.W.3d 405, 417 (Mo. App. E.D. 2015) (quoting *State v. Bowen*, 927 S.W.2d 463, 466 (Mo. App. W.D. 1996)).

Officer Smith testified that, on more than one occasion, the confidential informant had provided information in the past that proved to be reliable. Additionally, Officer Smith was able to verify much of the information provided by his confidential informant. More specifically, he verified that a tan Chevy Blazer, registered to Warrensburg resident Dennis Delapp, was parked at 1004 South Osage. Before the search was initiated, he also determined that Delapp was driving the Blazer. Delapp argues that, even though Officer Smith was able to corroborate some information, he had no reason to believe that drugs would be present in the car when Delapp was returning from Sedalia (where the drugs were sold) to Warrensburg (where the drugs were supplied).

However, even if the information from the confidential informant was insufficient to establish probable cause—a finding we do not make—that information was not the only basis in this case for probable cause to search the vehicle. In addition to the confidential informant's information, a drug dog alerted on the driver-side door of Delapp's vehicle.[6] "A qualified drug-detecting dog that identifies drugs upon its investigation of the premises or vehicle provides probable cause for the police to conduct a search to locate the contraband." *State v. LaFlamme*, 869 S.W.2d 183, 188 (Mo. App. W.D. 1993).

---

[6] Though Delapp suggested during oral argument that, if the informant's information did not establish probable cause, the State could not then rely on the drug dog's alert to do so, he failed to develop this argument in his briefing before this court. Furthermore, any argument that the use of the drug dog was improper would necessarily require an argument challenging the basis for the stop. But Delapp did not challenge the stop of his vehicle in his briefing either; rather, he challenged only the subsequent search as lacking probable cause.

In sum, the warrantless search of Delapp's vehicle was justified under the automobile exception, and it was supported by probable cause arising from the combination of the confidential informant's information and an alert from a drug-detecting dog. As such, the trial court committed no error in either overruling the motion to suppress or allowing the evidence of items recovered during the search to be admitted into evidence.

Point denied.

## Conclusion

The trial court did not err in either overruling Delapp's motion to suppress or admitting the fruits of the vehicle search into evidence at trial. Its judgment is affirmed.

_____

Karen King Mitchell, Chief Judge

Zel M. Fischer, Special Judge, and Lisa White Hardwick, Judge, concur.