# JUNE 26, 1936

## SAM HOLLAND V. THE STATE.

No. 18395.   Delivered June 3, 1936.
Rehearing Denied June 26, 1936.

The opinion states the case.

*Ben L. King,* of Burnet, and *N. T. Stubbs,* of Johnson City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of theft of property over the value of $50,00, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to warrant and sustain his conviction. The testimony, in substance, is that on the night of the 4th day of June, 1934,

some person or persons entered the barn of Jim Bible and took therefrom approximately four hundred pounds of wool. This wool was taken to Fredericksburg by the appellant, Hollis Taylor, and Bill Perkins and sold. The wool was subsequently identified by Bible as his property. He had his sheep branded with paint prior to the time he sheared them, and the fleece that was sold by appellant at Fredericksburg carried Bible's brand. Hollis Taylor testified that on the 4th day of June the appellant engaged him to haul some wool; that the witness, Perkins, and appellant left appellant's home about nine p. m. in two cars; that when they were within about three miles of Bible's home, he, Taylor, had a flat; that he stopped to repair it; that appellant instructed him that when he had the tire repaired to come on down to an old school house where they would meet him; that when he arrived at the school house appellant and Perkins had two sacks of wool in a pasture some two hundred yards from the road which they then carried to the road, loaded into the automobile, and proceeded to Fredericksburg. About the time that appellant was indicted for the theft of said wool he left the country, but was subsequently arrested. A short time prior to his arrest he inquired of Bible if he had lost anything by reason of the theft of the wool, that if he had, he, appellant, would reimburse him as he did not want him, Bible, to lose anything. Appellant testified in his own behalf that he traded twenty-five gallons of whisky for the wool with two men from Lampasas, who agreed to deliver and did deliver the wool to him at the old school house near Bible's home. A careful consideration of the testimony leads us to the conclusion that the same is sufficient to sustain the conviction.

By bills of exception numbers one and two appellant complains of the action of the court in failing to instruct the jury upon the law of an accomplice as applicable to the conduct of the defendant, and in failing to require the jury to determine whether or not the appellant was an accomplice. An examination of the record discloses the fact that the court gave appellant's requested instruction number two wherein he instructed the jury that if they entertained a reasonable doubt as to the presence of the appellant at the very time and place where the property was taken, to acquit him. If appellant was present at the time and place when the property was taken and participated therein, he would not be an accomplice but a principal. It is obvious that the jury were in effect told that if appellant was at some place other than where the offense

was committed, to acquit him whether or not he was an accomplice to the theft of the property.

By bill of exception number three appellant complains because the court did not in his charge limit the testimony showing his flight after the commission of the alleged offense. Evidence of flight is admissible to show a guilty conscience or a guilty connection with the offense charged and to have instructed the jury to that effect would have been an instruction upon the weight of the evidence and specially directed the jury's attention to said testimony. Hence no error is shown.

By bill of exception number four appellant complains of the testimony elicited by the district attorney from the witness Perry Gobels to the effect that Bill Perkins had plead guilty to the offense of stealing said wool. The bill of exception shows that the court withdrew said testimony from the jury and instructed them not to consider it. Whether or not the testimony was admissible need not be determined here. Even though inadmissible it occurs to us that the appellant was not prejudiced thereby: first, because the court withdrew the same from the consideration of the jury; second, the guilt of Perkins was abundantly proven by other evidence. Besides the minimum punishment was assessed against the appellant. Therefore in the light of the entire record we fail to observe any prejudicial error.

Appellant urged a number of objections to the court's charge and requested a number of special charges which the court gave and which together with the court's charge fairly and pertinently submitted every issue to the jury and adequately protected the appellant's legal rights.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing again urging his original propositions upon which he based contention that the judgment should be reversed.

Our attention is called to an error in our original opinion as to the date of the alleged theft. The offense was committed on the night of June 3rd instead of the 4th. The mistake was

immaterial. Appellant himself testified that it was on June 3rd that he procured Taylor to haul the wool for him, and it was on the night of that day that appellant, Perkins and Taylor got the wool near the old school house. .

It was error for the district attorney to prove that Perkins had plead guilty to stealing the wool. Such plea of Perkins was not binding on appellant. We remain of opinion that while error, we would not be warranted in reversing because thereof, in view of the prompt action of the court in withdrawing same from the jury. We would not hold that such withdrawal could in all cases cure the error, but in view of the facts we feel justified in so holding here.

Believing the case was properly disposed of originally, the motion for rehearing is overruled.

*Overruled.*