

# Missouri Court of Appeals

## Southern District

### Division Two

EDDIE WAYNE SMITH, )
)
    Movant-Appellant, )
)
vs. ) No. SD33174
)
STATE OF MISSOURI, ) **Filed: March 20, 2015**
)
    Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable John C. Spielman, Associate Circuit Judge

**AFFIRMED**

Eddie Wayne Smith ("Movant") appeals from the motion court's denial of his Rule 29.15 motion for post-conviction relief.[1]  Movant's post-conviction motion challenged his convictions for enticement of a child and for attempted second-degree statutory rape.  *See* §§ 566.034, 566.151.[2]  Movant raises three claims of ineffective assistance of counsel.  Movant's claims are without merit, and the motion court's judgment is affirmed.

---

[1] All rule references are to Missouri Court Rules (2014).

[2] All references to Section 566.151 are to RSMo Cum. Supp. (2014).  All other statutory references are to RSMo (2000).

## Factual and Procedural Background

In November 2008, Movant sent inappropriate text messages to a 12-year-old girl. The girl's parents discovered the messages, contacted the authorities, and ultimately turned the girl's phone over to Officer Jeremy Yates ("Officer Yates") of the Kennett Police Department.

Officer Yates contacted Detective Tim Trowbridge ("Detective Trowbridge") of the Kennett Police Department to assist with the investigation. Detective Trowbridge, posing as the girl, engaged in a text message conversation with Movant. During that conversation Movant indicated he wanted to meet and have sex even though the text conversation made it plain that the "girl" was only 14 years old.[3]

A meeting was arranged, and Movant was arrested when the officers located him near the arranged meeting place. The officers found the cell phone used to send the text messages in Movant's vehicle. Movant subsequently made a number of inculpatory statements.

Movant was charged with enticement of a child and attempted first-degree statutory rape. Trial counsel filed a motion to suppress the cell phone found in Movant's van and the statements Movant made after his arrest, both of which the trial court denied. Movant was tried by a jury, and the jury found him guilty on both counts. On appeal, this Court reversed Movant's conviction for attempted first-degree statutory rape and entered a conviction for attempted second-degree statutory rape because all the evidence showed Movant believed the "girl" was 14

---

[3] Although the girl was 12 years old, Detective Trowbrigde stated she was 14 years old when impersonating her in his conversations with Movant. In the direct appeal, this Court stated Detective Trowbridge was under the mistaken impression that the girl was 14. *State v. Smith*, 330 S.W.3d 548, 555 (Mo. App. S.D. 2010).

years old. ***Smith***, 330 S.W.3d at 556. Movant's convictions were otherwise affirmed. ***Id.***

After his re-sentencing, Movant timely sought post-conviction relief. In his amended motion, Movant raised four claims for relief: (1) that trial counsel provided ineffective assistance of counsel for failing to raise a double jeopardy claim; (2) that appellate counsel was ineffective for failing to raise a claim in Movant's direct appeal arguing that the trial court erred in denying the motion to suppress the cell phone; (3) that appellate counsel was ineffective for failing to raise a claim in Movant's direct appeal arguing that the trial court erred in denying the motion to suppress the statements Movant made after his arrest; and (4) that trial counsel was ineffective for encouraging Movant to waive his right to a penalty phase trial after the remand in his direct appeal. The trial court entered its judgment denying all Movant's claims. Movant appeals, arguing error in the motion court's rejection of the first three claims.

### Standard of Review

Each of Movant's claims on appeal involves alleged ineffective assistance of counsel, so the following principles govern our review of his claims. "There are two components to a claim of ineffective assistance of counsel." ***Tilley v. State***, 202 S.W.3d 726, 731 (Mo App. S.D. 2006). "First, a movant must show that 'counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney[.]'" ***Id.*** (quoting ***State v. Hall***, 982 S.W.2d 675, 680 (Mo. banc 1998)). "Second, . . . the movant must demonstrate that he or she was prejudiced by counsel's performance." ***Id.*** at 732. "To demonstrate prejudice, a movant must show that, but for counsel's poor performance, there is

a reasonable probability that the outcome of the court proceeding would have been different." ***Id.*** Furthermore, "[o]ur review of a claim of ineffective assistance of appellate counsel is governed by the same standard as that employed regarding claims concerning trial counsel[.]" ***Williams v. State***, 342 S.W.3d 433, 435 (Mo. App. E.D. 2011). Finally, a hearing is not required in a post-conviction case if "the motion and the files and records of the case conclusively show that the movant is entitled to no relief[.]"[4] Rule 29.15(h). And, appellate review of the motion court's action in a post-conviction case is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k).

## Discussion

### *No Double Jeopardy Violation*

In his first point, Movant claims the motion court clearly erred in denying his claim that trial counsel was ineffective for failing to raise a double jeopardy claim. This claim is without merit because there was no double jeopardy violation. *See **Tilley***, 202 S.W.3d at 738 (holding that counsel will not be found ineffective for failing to present a meritless double jeopardy claim).

"The federal double jeopardy clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" ***State v. Hardin***, 429 S.W.3d 417, 421 (Mo. banc 2014) (quoting U.S. Const. amend. V.)). "It provides two basic protections: it protects defendants from successive

---

[4] The State argues Movant's claims were abandoned because Movant did not present evidence regarding those claims at the evidentiary hearing. We find this assertion to be without merit. The motion court, on February 6, 2015, and after the filing of this appeal, entered an Order to correct the docket entry regarding the evidentiary hearing. In the February 6 Order, the motion court clarified that the evidentiary hearing in this case had been limited solely to the fourth claim raised in Movant's motion and that all other claims had been denied without an evidentiary hearing.

prosecutions for the same offense after acquittal or conviction and it protects defendants against multiple punishments for the same offense." *Id.* Here, Movant argues Movant has been subjected to multiple punishments for the same offense.

When determining whether a defendant's right to be free from multiple punishments has been violated, the court's focus is "limited to determining whether cumulative punishments were intended by the legislature." *Id.* (quoting *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992)). "The legislative intent regarding such cumulative sentences is first determined by examining the relevant statutes." *Tilley*, 202 S.W.3d at 736. "The elements of each offense are gleaned from statutory or common law definitions and, then, simply compared." *Id.* at 736-37 (quoting *State v. McLemore*, 782 S.W.2d 127, 128-29 (Mo. App. E.D. 1989)). "[I]f each of the two offenses contains an element that the other lacks, the defendant may be convicted of both offenses without violating his double jeopardy rights." *Id.* at 736.

The crime of enticement of a child is proscribed by Section 566.151. That section provides as follows:

> A person at least twenty-one years of age or older commits the crime of enticement of a child if that person persuades, solicits, coaxes, entices, or lures whether by words, actions or through communication via the Internet or any electronic communication, any person who is less than fifteen years of age for the purpose of engaging in sexual conduct.

§ 566.151.1. Thus, the elements of enticement of a child are (1) that the defendant is over 21 years old; (2) that the victim is less than 15 years old; (3) that there is an action or communication that "persuades, solicits, coaxes, entices, or lures"

5

the victim; and (4) that the action or communication is made "for the purpose of engaging in sexual conduct." ***Id.***

The crime of attempted second degree statutory rape is proscribed by Section 566.034 and Section 564.011. Section 566.034 provides that:

> [a] person commits the crime of statutory rape in the second degree if being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age.

§ 566.034.1. Then, the attempt statue states in Section 564.011.1:

> A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

§ 564.011.1. Thus, the elements of the crime of attempted second-degree statutory rape are (1) that the defendant is over 21 years of age; (2) that the victim is under 17 years of age; and (3) that the defendant committed a substantial step toward sexual intercourse.

Each of these crimes has an element that is not part of the other offense. Enticement of a child requires an act or communication that "persuades, solicits, coaxes, entices, or lures" the child to engage in sexual conduct. § 566.151.1. Attempted second-degree statutory rape can be committed without such words or conduct. *See* § 566.034.

Attempted second-degree statutory rape requires proof of an act that is strongly corroborative of the defendant's intent to engage in sexual intercourse with the victim. §§ 564.011; 566.034. Enticement of a child can be committed without such conduct; in fact, electronic communications alone can be sufficient

6

to support a conviction under that statute. *See* **State v. Almaguer**, 347 S.W.3d 636, 640 (Mo. App. E.D. 2011) ("An arranged meeting is not required to prove the commission of the crime of child enticement.").

As each crime has an element not present in the other, no double jeopardy violation occurred in this case. An objection or motion making such an argument is without merit. Movant's counsel was not ineffective for failing to make such objections or arguments. *See* **Tilley**, 202 S.W.3d at 738 ("Counsel is not ineffective for failing to make non-meritorious objections."). The motion court did not clearly err in denying this claim without an evidentiary hearing.

Movant's primary argument rests on the proposition that his text messages were a single act. This argument proceeds in two parts. First, Movant quotes the language of the charging documents and the instructions to the jury at length. Then, he discusses **State v. Richardson**, 460 S.W.2d 537 (Mo. banc 1970), and **State v. Parsons**, 513 S.W.2d 430 (Mo. 1974), in support of the proposition that a double jeopardy violation occurs when the State charges two crimes while the facts of the case show "but a single act of force." This argument is without merit because those cases have been overruled. In **McTush**, 827 S.W.2d at 187-89, the Supreme Court of Missouri rejected the single-act-of-force rule based on its interpretation of **Missouri v. Hunter**, 459 U.S. 359 (1983). The Court in **McTush** specifically abrogated **Richardson** to the extent that it conflicted with the analysis from **Hunter**. **McTush**, 827 S.W.2d at 188-89. Although the Court did not mention **Parsons**, **Parsons** cannot be considered good law because that case relied on the rule stated in **Richardson** to reach its decision. **Parsons**, 513 S.W.2d at 438.

7

The motion court did not clearly err. Movant's first point is denied.

### *No Fourth Amendment Violation*

In his second point, Movant asserts the motion court clearly erred in denying his claim that his appellate counsel was ineffective for failing to argue in his direct appeal that the seizure of the cell phone violated the Fourth Amendment. This argument fails because a Fourth Amendment claim would not have required reversal on appeal as there was probable cause for both Movant's arrest and the subsequent search of his vehicle.

To meet the test of ineffective assistance of counsel in a claim against appellate counsel, Movant must present "strong grounds" which demonstrate "counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Tilley*, 202 S.W.3d at 735 (quoting *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994)). As with a claim at the trial court level, appellate counsel will not be deemed ineffective for failing to raise a meritless claim. *Bryan v. State*, 134 S.W.3d 795, 801 (Mo. App. S.D. 2004). Thus, the first issue that must be addressed is whether there was, in fact, a Fourth Amendment violation in this case.

"The Fourth Amendment to the United States Constitution protects persons from unreasonable searches and seizures." *State v. Bradshaw*, 81 S.W.3d 14, 31 (Mo. App. W.D. 2002). "Article 1, Section 15 of the Missouri Constitution is coextensive with the Fourth Amendment." *Id.* (quoting *State v. David*, 13 S.W.3d 308, 311 (Mo. App. W.D. 2000)). "For an officer to make a

8

valid warrantless arrest, the officer must have probable cause to believe that the suspect has committed a crime." ***Id.***

> Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a belief by a person of reasonable caution that the person to be arrested has committed the crime for which he is being arrested.

***State v. Ard***, 11 S.W.3d 820, 828 (Mo. App. S.D. 2000). Generally speaking, a victim's report of a crime or the statements of a compatriot in the crime along with a description of a vehicle involved will typically provide sufficient facts to show probable cause for a warrantless arrest. ***Bradshaw***, 81 S.W.3d at 32-33; ***State v. Waters***, 855 S.W.2d 413, 416 (Mo. App. W.D. 1993).

Here, there were sufficient facts to find probable cause to arrest Movant. First, Detective Trowbridge communicated with Movant, and during those communications, they agreed upon a time and a location to meet. Then, in a second communication, Movant, himself, provided a description of the vehicle he would be driving. Finally, another officer observed Movant drive by twice as if he were looking for someone. The combination of the communications between Movant and Detective Trowbridge with Movant's appearance in a vehicle matching the description at the time and place for the arranged meeting and with Movant's suspicious driving provided probable cause for his arrest. *See Bradshaw*, 81 S.W.3d 32-33. Movant's argument to the contrary simply ignores several important facts, such as the location of the arrest and the way Movant was driving.

The subsequent search of the car and discovery of Movant's cell phone was also justified by probable cause. "Under most circumstances, a warrantless

9

search is presumptively unreasonable." ***State v. Deaton***, 395 S.W.3d 50, 54 (Mo. App. S.D. 2013). "However, a warrantless search will not offend the Fourth Amendment if it was conducted pursuant to a well-recognized exception." ***Id.*** "The automobile exception is such an exception." ***Id.*** "[T]he automobile exception to the warrant requirement allows an officer to search a vehicle and seize contraband when probable cause exists." ***State v. Middleton***, 995 S.W.2d 443, 458 (Mo. banc 1999). "Probable cause may arise when the facts and circumstances within the knowledge of the seizing officer are sufficient in themselves to produce in a man of reasonable caution a belief that the contents of the automobile offend the law." ***State v. Richardson***, 313 S.W.3d 696, 700 (Mo. App. S.D. 2010) (quoting ***State v. Burkhardt***, 795 S.W.2d 399, 404 (Mo. banc 1990)).

The conversations between Movant and Detective Trowbridge were evidence of enticement of a child. Because the conversation between Movant and Detective Trowbridge involved primarily text messages, a person of reasonable caution would infer Movant was using a mobile phone to send the messages. Furthermore, Detective Trowbridge communicated with Movant shortly before the arrest and Movant indicated he was "waiting now." That communication further supports an inference that Movant had the mobile phone on his person or close by. Based on the circumstances of this case and on the practical considerations of everyday life, which in this day and our current society include the ubiquitous use of mobile phones, Detective Trowbridge had probable cause to believe evidence of the crime, *i.e.*, the mobile phone, was in Movant's van.

The motion court did not clearly err, and Movant's second point is denied.

10

### *No Fifth Amendment Violation*

In his final point, Movant argues the motion court clearly erred in denying his claim that his appellate counsel was ineffective for failing to challenge the admissibility of his confession in his direct appeal by arguing that the statements were coerced by promises of lenient treatment. This argument is without merit.

The following additional facts are relevant to this claim. After the officers located Movant at the appointed meeting place, Detective Trowbridge conducted a traffic stop and asked Movant to get out of the van. Movant initially refused. There "was a brief struggle" and the officers "got him out of the vehicle." Detective Trowbridge informed Movant "he was under arrest for investigation of enticement of a child." He also told Movant "that if he cooperated, it would be better." Movant said he was sorry and that he made a mistake. Another officer put Movant in handcuffs, and Movant was transported to the police station.

At the police station, Detective Trowbridge confirmed Movant had been advised of his *Miranda*[5] rights. Movant first stated he thought the girl was older and "was just messing with him." Detective Trowbridge told Movant the judge and the prosecutor were "forgiving people." Ultimately, Movant gave a written statement in which he admitted he knew the "girl" was 14 and that he planned to meet her to have sex with her.

After also advising Movant of his *Miranda* rights, another investigator told Movant that "he might feel better if he wrote a letter of apology." That investigator also told Movant "the truth would help." Movant subsequently wrote an apology letter in which he again admitted he knew the "girl" was only 14.

---

[5] *See **Miranda v. Arizona**, 384 U.S. 436 (1966).

Movant's motion to suppress these statements was overruled prior to trial, and appellate counsel did not present a claim regarding the statements in Movant's direct appeal. *See Smith*, 330 S.W.3d at 556. The motion court found appellate counsel was not ineffective for failing to present the claim because the claim would have been without merit. The motion court did not clearly err.

As stated above, the standard for proving ineffective assistance of appellate counsel is met where there are "strong grounds" which demonstrate "counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Tilley*, 202 S.W.3d at 735. As with a claim at the trial court level, appellate counsel will not be deemed ineffective for failing to raise a meritless claim. *Bryan*, 134 S.W.3d at 801. Thus, the first issue that must be addressed is whether there is any merit to Movant's claim that his statements were involuntary because one interrogating officer indicated the prosecutor was forgiving and another interrogating officer said telling the truth would help.

"[T]he Fifth Amendment prohibits extraction of confessions by 'exertion of any improper influence.'" *State v. Flowers*, 592 S.W.2d 167, 169 (Mo. banc 1979) (quoting *Malloy v. Hogan*, 378 U.S. 1 (1964)). Thus, "[a] confession in order to be admissible must be free and voluntary; that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *State v. Rickey*, 658 S.W.2d 951, 953 (Mo. App. S.D. 1983) (quoting *Bram v. United States*, 168 U.S. 532, 542-43 (1897)). "The test for whether a confession is

voluntary is whether the totality of the circumstances created a physical or psychological coercion sufficient to deprive the defendant of a free choice to admit, deny or refuse to answer the examiner's questions." ***State v. Weicht***, 23 S.W.3d 922, 928 (Mo. App. S.D. 2000) (quoting ***State v. Simmons***, 944 S.W.2d 165, 173 (Mo. banc 1997)).

Applying these principles, Missouri courts have determined "[a] statement extracted through a promise of leniency is inadmissible." ***State v. Nicklasson***, 967 S.W.2d 596, 606 (Mo. banc 1998). Nevertheless, "officers' statements to a suspect that cooperating is in his or her best interests are not improperly coercive, and do not, as a matter of law, render a confession involuntary." ***Weicht***, 23 S.W.3d at 928 (quoting ***Simmons***, 944 S.W.2d at 175). That is, "[e]ncouragement to cooperate is far from a promise of leniency." ***Id.*** For this reason, vague comments about the benefits of making a statement are typically insufficient to render a statement involuntary. *E.g.*, ***Simmons***, 944 S.W.2d at 173 (holding there was no improper coercion where the officer told the suspect "it would be in his 'best interest' to tell the truth."); ***State v. Clements***, 789 S.W.2d 101, 104 (Mo. App. S.D. 1990) (holding there was no improper coercion where the officer told the suspect his cooperation "would be made known to the court and that generally it would go easier on those that cooperated.").

Here, each of the alleged promises were nothing more than encouragement to cooperate. Statements "that if he cooperated, it would be better[,]" and that the judge and the prosecutor were "forgiving people[,]" are no different from a statement that such officials would be informed of the suspect's cooperation and "generally it would go easier on those that cooperated."

13

*Clements*, 789 S.W.3d at 104. These statements are permissible. The second officer told Movant that Movant would feel better if Movant confessed and that telling the truth would help. Those statements are no different from a statement that it would be in the suspect's best interest to confess. *See **Simmons***, 944 S.W.2d at 173. Movant's claim was patently without merit, so appellate counsel was not ineffective for failing to raise it.

The motion court did not clearly err. Movant's third point is denied.

## Decision

The motion court's judgment is affirmed.

MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS