

# Missouri Court of Appeals

## Southern District

### Division Two

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | No. SD35427 |
| ) | |
| CHRIS EUGENE WILLIAM COURTOIS, ) | FILED: June 25, 2019 |
| ) | |
| Appellant. ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

## **AFFIRMED**

(Before Bates, J., Scott, J., and Sheffield, J.)

PER CURIAM.   A jury found Appellant guilty of sex crimes against a six-year-old ("Victim").  Appellant complains of the use of propensity evidence without independent proof of the *corpus delicti* as to that offense.  Finding no merit to that or Appellant's other points,[1] we affirm the convictions and judgment.

### **Background**[2]

Appellant lived with Victim and her family.  While Victim's mother worked, Appellant babysat Victim, her younger sister, and Victim's friend A.K.  When Victim disclosed that Appellant had licked her butt and vagina, Mother contacted

---

[1] No jurisprudential purpose would be served by addressing Appellant's other points here.  We have affirmed the trial court's actions in those respects by Rule 30.25(b) order and have furnished the parties a memorandum, for their purposes only, that sets forth the reasons for that order.

[2] We only briefly summarize the facts due to the nature of the crimes, Victim's age, and the absence of a challenge to the sufficiency of the evidence to support the verdicts.

police and A.K.'s mother. Appellant was arrested and charged with sex crimes against all three children.

The state filed a pretrial motion to admit the children's forensic-interview statements. The court held a § 491.075 hearing, found the statements provided sufficient indicia of reliability, and granted the motion.

The day before trial, the state opted to drop the charges related to A.K. and Victim's sister and proceed only on those involving Victim (child molestation, statutory rape, and four counts of statutory sodomy). The state also filed notice of intent to admit Appellant's admission to an uncharged sex act against A.K. as propensity evidence pursuant to Missouri Constitution Article 1, § 18(c) ("§ 18(c)"). Over Appellant's objection, the court indicated that it would allow the propensity evidence.

The evidence at trial included, but was not limited to:

- A forensic interview in which Victim described a variety of sexual abuses Appellant committed against her as well as a brief disclosure that Appellant made A.K. hold Appellant's penis.

- Police interviews in which Appellant admitted all sex acts Victim had disclosed except the rape, and hand-to-genital contact with A.K.

- Test results indicating Appellant's DNA inside the crotch area of Victim's underwear.

- Rebuttal testimony from a Children's Division investigator that Appellant confessed hand-to-genital contact with Victim and A.K.

Appellant contended that his confessions were coerced and that Victim lied or was induced to say what she did. In support, he called his mother, his mother's roommate, and his sister to testify.[3] On cross-examination, the prosecutor asked each of those witnesses whether she was aware that Appellant had confessed to sex acts with Victim and A.K.

---

[3] Despite knowing Appellant was in jail for more than a year awaiting trial, Appellant's mother and her roommate did not tell police or defense counsel about alleged conversations with Victim's mother until just before trial. After the state rested, Appellant's sister alleged for the first time, and then testified, that Victim had recanted to her a year earlier.

## Appellant's Complaints

Appellant alleges error in admitting his confession regarding A.K. because (1) the state did not independently prove the *corpus delicti* of that offense, and (2) the prejudicial effect of such evidence allegedly outweighed its probity. Like other claims of evidentiary error, we review for abuse of discretion and will not disturb the ruling unless it clearly was against the logic of the circumstances. ***State v. Williams***, 548 S.W.3d 275, 287 (Mo. banc 2018).

In language borrowed from Federal Rules of Evidence 403 and 414 (***Williams***, 548 S.W.3d at 285), § 18(c) provides for admission of propensity evidence in child-sex cases:

> [I]n prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, whether charged or uncharged, is admissible for the purpose of corroborating the victim's testimony or demonstrating the defendant's propensity to commit the crime with which he or she is presently charged. The court may exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Appellant urges that the *corpus delicti* rule should be extended to apply to admission of § 18(c) evidence "[g]iven the inherently highly prejudicial nature of propensity evidence." The *corpus delicti* rule traces back to English common law and reflects the prosecution's burden to prove "a crime was committed by *someone,* independent from a defendant's extrajudicial statements." ***State v. Madorie,*** 156 S.W.3d 351, 353-54 (Mo. banc 2005).[4] A rule that began as a check on evidentiary *sufficiency* and continues as such has evolved to the effect that extrajudicial confessions are not *admissible* absent independent proof that someone committed the offense. ***Id****.* at 355; ***State v. Edwards***, 116 S.W.3d 511, 545 (Mo. banc 2003). Yet the rule requires only "'evidence of circumstances tending to prove the corpus delicti corresponding with the confession. *Slight*

---

[4] The earliest Missouri case to expressly apply the *corpus delicti* rule found an uncorroborated extrajudicial confession insufficient to support the conviction. ***Robinson v. State***, 12 Mo. 592 (1849).

3

*corroborating facts* are sufficient to establish the corpus delicti.'" ***Madorie***, 156 S.W.3d at 355 (quoting ***State v. Hahn***, 640 S.W.2d 509, 510 (Mo.App.1982)).

Extending the *corpus delicti* rule to § 18(c) evidence would not serve the rule's purpose of avoiding a conviction based solely on an extrajudicial confession *to that offense*. That risk does not lie here because Appellant was not being tried, and thus could not be convicted, for acts against A.K.

We find support in ***U.S. v. Norris***, 428 F.3d 907 (9th Cir. 2005), where the trial court admitted evidence that Norris also had abused the victim's sister. Norris had objected "on the basis that there was no independent evidence of the *corpus delicti* of this prior act, because the only evidence of its occurrence was Norris's confession," but the trial court "ruled that the *corpus delicti* rule does not apply to the admission of evidence of prior bad acts." ***Id***. at 911.

The Ninth Circuit affirmed, interpreting Federal Rule of Evidence 414(a) from which § 18(c) borrows and concluding that "the key to admissibility is relevance, and no independent evidence of the commission of the prior bad act is required." 428 F.3d at 913. "Rather, *corpus delicti* evidence is required only when a confession is the sole basis for a conviction." ***Id***.

We agree. Trial courts need not add a *corpus delicti* element to § 18(c), which addresses Appellant's concern about "inherent" prejudice by incorporating the balancing test for legal relevance. ***Williams***, 548 S.W.3d at 288.

The A.K. incident passes that balancing test despite Appellant's contrary assertions. Appellant's admission regarding A.K. was probative given similarities to the charges involving Victim. The acts were similar, occurred in the same house, near in time, with children of similar age. Such correspondence tends to show Appellant's propensity to commit the charged crimes. *See* ***Williams***, 548 S.W.3d at 289.

As ***Williams*** acknowledges, there was a danger of juror speculation that Appellant had escaped punishment regarding A.K. because there was no evidence that he had been convicted for that. ***Id***. at 290. Yet that is just one factor; others include the state's time spent or emphasis placed on the evidence and whether the prior bad act eclipses or is overshadowed by the charged crimes. ***Id***. at 290-91. Here, the state spent little time and placed relatively little emphasis on the A.K.

4

incident.  By contrast, the charges and evidence related to Victim were numerous, graphic, and overshadowed the lone bad act involving A.K.[5]

The trial court did not abuse its discretion in admitting this evidence.  Its probative value was not substantially outweighed by the minimal danger of unfair prejudice.  See *id*. at 292.  We deny Appellant's point and affirm the judgment and convictions.

---

[5] Even if the *corpus delicti* rule did apply here, its low threshold (**Madorie, *supra***) was satisfied. As Appellant acknowledges, Victim stated in her interview video that Appellant made A.K. touch Appellant's penis, which constitutes "independent evidence of circumstances that correspond and interrelate with the circumstances rendered in the statement or confession." **State v. Litterell**, 800 S.W.2d 7, 10 (Mo.App. 1990).