

# Missouri Court of Appeals
## Southern District

### In Division

CHRIS COURTOIS,                      )
                                     )
   Movant-Appellant,  )
                                     )
  v.                       )   No. SD38185
                                     )
STATE OF MISSOURI,                   )   **Filed:  July 9, 2024**
                                     )
   Respondent-Respondent.  )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Jerry A. Harmison, Jr., Judge

## <u>AFFIRMED</u>

Chris Courtois appeals the judgment of the Circuit Court of Greene County ("motion court") denying his amended Rule 29.15 motion for post-conviction relief, raising two points on appeal:  (1) the motion court clearly erred by denying Courtois's amended Rule 29.15 motion because his appellate counsel provided ineffective assistance of counsel in failing to assert, on direct appeal, the trial court erred by overruling Courtois's motion to suppress his statements to police and by overruling Courtois's trial objections regarding evidence of those statements; and (2) the motion court committed plain error by failing to inquire whether the amended Rule 29.15 motion filed by post-conviction counsel included all claims for relief known to Courtois and whether Courtois

1

understood that he waived any claim for relief not listed in the amended Rule 29.15 motion.[1]  We deny both points and affirm the motion court's judgment.

## Factual Background and Procedural History

### Underlying Criminal Proceedings

The facts from Courtois's criminal proceedings, as set forth in ***State v. Courtois*** ("***Courtois I***"), were:

> [Courtois] lived with Victim and her family. While Victim's mother worked, [Courtois] babysat Victim, [Victim's] younger sister, and Victim's friend A.K. When Victim disclosed that [Courtois] had licked her butt and vagina, Mother contacted police and A.K.'s mother. [Courtois] was arrested and charged with sex crimes against all three children.

577 S.W.3d 860, 861-62 (Mo. App. S.D. 2019).  Victim was six years old at the time of the offenses, and all of the offenses occurred between February 24, 2016, and March 9, 2016.

Upon arrest, a police detective from the Springfield Police Department interviewed Courtois at the Greene County Jail on March 9, 2016.  The detective advised Courtois of his *Miranda*[2] rights using a standard statement of rights form provided by the police department prior to asking him about the case, and the detective told Courtois she was recording the interview.  As the detective read the lines from the form and made sure Courtois understood, Courtois "was nodding and acknowledging that he was understanding each of those lines."  Courtois told the detective he could read and write and that he understood his rights, and Courtois also signed a statement acknowledging his

---

[1] All rule references are to Missouri Court Rules (2018), unless otherwise indicated.  Courtois's conviction and motion for post-conviction relief preceded the 2021 amendments to Rule 29.15.

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

*Miranda* rights at the beginning of the interview. Courtois never said he wanted the interview to stop or that he wanted a lawyer.

Courtois initially denied any sexual conduct with Victim in the interview, but he eventually disclosed he once touched Victim's vagina with his hand over her underwear. He then admitted to kissing Victim on her mouth and asking her to hold his penis, which she did, and Courtois put his penis in her mouth. Courtois further admitted to another incident when he went into Victim's room, lay down with her, and rubbed her vagina outside of her clothes. He denied putting his penis in Victim's vagina, but Courtois also said he could have forgotten that it happened because he took "a lot of medications." As the interview continued, the detective asked Courtois to tell her about A.K., and Courtois said he kissed A.K. on her lips and told her to hold his penis. He said this incident happened while Victim was in her room.

The next day, the police detective interviewed Courtois again. The detective read Courtois his *Miranda* rights once more, and Courtois signed another statement of rights form. Courtois indicated he understood his rights and never said he wanted the second interview to stop. The detective asked Courtois to explain when the sexual encounter with A.K. happened, and Courtois explained it occurred about a "week or two" after the first incident with Victim.

Courtois later filed a motion to suppress evidence of the statements he made to law enforcement on the basis his statements were not voluntary because the interviews were "inherently coercive as applied to a person of [his] age, education, background, and physical and mental condition[.]" Courtois was 17 years old at the time of questioning, had not completed the 11th grade, and had not obtained a GED. The trial court held a

pre-trial hearing on the motion to suppress on June 15, 2017, where Courtois testified, "I was scared, if I didn't cooperate . . . that if I didn't help [the detective], it would be worse for me; so, like, if I helped her, it would be better for me." Courtois said he did not have any understanding that signing forms during the interviews was optional. The trial court overruled Courtois's motion to suppress via docket entry on June 29, 2017.

On the eve of trial, the State dropped the charges involving sex crimes committed against A.K. and Victim's sister, leaving six counts charged against him related to Victim: Count 1 – statutory rape in the first degree, Counts 2 through 5 – statutory sodomy in the first degree, and Count 6 – child molestation in the first degree. The State also filed a notice of its intent to present evidence of Courtois's uncharged sexual acts committed against A.K. as propensity evidence per article I, section 18(c) of the Missouri Constitution. It specifically sought to introduce Courtois's confession to committing the act of statutory sodomy on A.K. The State averred that Courtois's "uncharged sexual acts against [V]ictim's friend, A.K., [are] relevant as the prior criminal act corroborates [V]ictim's testimony as well as demonstrates a propensity to commit the charged crime[s.]"

Trial began on July 31, 2017, and, over the objection of Courtois's trial counsel, the trial court sustained the State's motion and allowed it to present propensity testimony. The detective who conducted Courtois's two interviews testified at trial, and recordings of those interviews were played for the jury. The State also called an investigator from Greene County Children's Division as a rebuttal witness to testify to an interview she conducted with Courtois at the Greene County Jail. The investigator testified that Courtois "admitted that he did have [A.K.] fondle his butt and penis." The trial court

4

overruled Courtois's motion to strike the investigator's testimony for being in violation of the trial court's pre-trial ruling. Following deliberations, the jury found Courtois guilty of all six charges related to Victim.

On direct appeal of Courtois's convictions, Courtois's appellate counsel raised three claims of trial court error: (1) the trial court abused its discretion by allowing the State to introduce evidence of Courtois's uncharged misconduct against A.K. as propensity evidence; (2) the trial court plainly erred by failing to *sua sponte* declare a mistrial or strike testimony after the State cross-examined three defense witnesses about Courtois's confession to having A.K. touch his penis; and (3) the trial court abused its discretion or plainly erred by overruling Courtois's motion to strike the rebuttal testimony of the Children's Division investigator regarding Courtois's uncharged acts against A.K. This Court denied Courtois's first point in a published opinion and denied the other two points per Rule 30.25(b). *Courtois I*, 577 S.W.3d at 861 n.1 & 864.

Post-Conviction Relief Proceedings

On April 17, 2018, Courtois filed his *pro se* Rule 29.15 motion for post-conviction relief. This filing came before this Court's mandate in *Courtois I*, dated July 11, 2019, and was thus premature. Following our mandate, post-conviction counsel filed an amended Rule 29.15 motion on November 27, 2019, claiming appellate counsel rendered ineffective assistance of counsel in failing to assert the trial court erred by overruling Courtois's motion to suppress his statements to police and, by overruling his objections at trial regarding those statements, on the basis Courtois's waiver of his rights was not knowing and voluntary. Post-conviction counsel claimed Courtois could not have knowingly and voluntarily waived his rights and consented to the interviews with

5

the detective because of his "limited education, limited mental ability, and [] youth[,]" and appellate counsel had no reasonable strategy for not asserting this issue on direct appeal.

Appellate counsel testified via deposition, in lieu of an evidentiary hearing. He said he did not challenge the trial court's ruling on the motion to suppress because that issue "was predicated on [whether Courtois's] waiver of his Miranda rights was unknowing and involuntary[,]" and whether Courtois's waiver was unknowing and involuntary "was essentially a credibility determination by the trial court[]" as between Courtois's testimony and the police detective's testimony. Appellate counsel thought such a challenge would not be a "winning issue" and did not believe he "could ask the Court of Appeals . . . to insert its own credibility determination for that at [sic] the trial court."

The motion court issued findings of fact and conclusions of law denying Courtois's amended Rule 29.15 motion on October 7, 2021. Courtois appealed, and we reversed the motion court's judgment and remanded for an abandonment inquiry because Courtois's amended Rule 29.15 motion was untimely. *Courtois v. State*, 667 S.W.3d 161, 164 (Mo. App. S.D. 2023) ("*Courtois II*"). After the motion court granted the first of two 30-day extensions to file the amended Rule 29.15 motion, Courtois's amended motion was due by November 4, 2019. *Id.* at 163. Courtois's post-conviction counsel requested a second 30-day extension on October 31, 2019, but the motion court did not grant that request until November 5, 2019, one day after the deadline. *Id.* The motion court could not grant an extension to file the amended Rule 29.15 motion after post-conviction counsel failed to file the amended motion by its then-current deadline, and

6

post-conviction counsel's filing of the amended motion on November 27, 2019, was therefore untimely. *Id.* at 163-64.

On remand, post-conviction counsel testified by affidavit at an abandonment hearing on June 9, 2023. Post-conviction counsel testified the amended Rule 29.15 motion was untimely because he relied on precedent purporting to allow a motion court to grant an extension after an original deadline had passed. On June 26, 2023, the motion court issued a judgment finding Courtois was abandoned by post-conviction counsel, accepting the amended Rule 29.15 motion as timely filed, and, again, denying that motion.[3] The motion court found appellate counsel testified he "made a strategic decision not to raise issues regarding [Courtois's] police interview." As a result, the motion court determined Courtois failed to show his appellate counsel provided ineffective assistance of counsel or that any poor performance from appellate counsel prejudiced his defense. This appeal followed.

**Standard of Review**

[T]he standard of review for postconviction matters is what Rule 29.15(k) and Rule 24.035(k) say it is, i.e., that "review of the trial court's action . . . shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." As *Crosswhite* [*v. State*, 426 S.W.2d 67, 70 (Mo. banc 1968),] makes clear, however, this includes

---

[3] Courtois's brief includes a timeliness statement per Southern District Special Rule 20(a), and we have independently confirmed the motion court considered Courtois's Rule 29.15 motion as timely following remand in **Courtois II**. *See* **Moore v. State**, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *see also* **Dorris v. State**, 360 S.W.3d 260, 268 (Mo. banc 2012). This Court issued its mandate in **Courtois II** on March 27, 2023, and the second post-conviction counsel for Courtois filed a motion asking the motion court to find abandonment and to treat Courtois's amended Rule 29.15 motion as timely filed on June 4, 2023. Upon finding Courtois was abandoned by prior post-conviction counsel, the motion court was "directed to permit the untimely filing." **Moore**, 458 S.W.3d at 826.

7

*de novo* review for errors of law, rejection of factual findings for which there is no substantial evidence, and – in the rarest of cases – rejection of factual findings for which there may be substantial evidence but regarding which the reviewing court, nevertheless, on the entire record, is left with a definite and firm conviction (or impression) that a mistake has been made. In applying this standard, appellate courts should defer to the motion court's superior opportunity to judge the credibility of witnesses and recognize the "circuit court is entitled to believe all, part, or none of the evidence presented at the post-conviction hearing." *Driskill v. State*, 626 S.W.3d 212, 220 (Mo. banc 2021) (internal quotations omitted).

*Flaherty v. State*, No. SC100292, 2024 WL 3047689, at \*4 (Mo. banc Jun. 18, 2024).

Further, we presume the motion court's findings are correct. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019).

**Analysis**

<u>The Motion Court did not Clearly Err by Denying Courtois's Amended Rule 29.15 Motion for Post-Conviction Relief on the Basis Appellate Counsel Provided Ineffective Assistance of Counsel.</u>

Courtois argues in Point I that the motion court clearly erred by overruling his claim for post-conviction relief because appellate counsel provided ineffective assistance of counsel by not "assert[ing] as error on direct appeal that the trial court had erred in overruling [Courtois's] motion to suppress statements to police and in overruling [the] objections at trial to the testimony and evidence regarding those statements[.]" He claims appellate counsel should have argued Courtois's waiver of his right to remain silent during his interviews with police was not voluntary and knowing due to his "young age, lack of education, limited mental abilities, and improper implied assurances of leniency or favorable treatment by the interrogating officer."

To obtain post-conviction relief on the basis of ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence: (1) counsel failed to exercise the customary skill and diligence a reasonably competent attorney would

8

perform under similar circumstances; and (2) counsel's ineffective assistance prejudiced movant. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984); ***Meiners v. State***, 540 S.W.3d 832, 836 (Mo. banc 2018). Prejudice requires proof that, but for counsel's poor performance, there is a "reasonable probability" the outcome of the proceeding would have been different. ***Chaney v. State***, 73 S.W.3d 843, 846 (Mo. App. S.D. 2002) (quoting ***Strickland***, 466 U.S. at 694). In addition, when alleging ineffective assistance of appellate counsel, a movant must present "strong grounds" demonstrating "counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." ***Smith v. State***, 467 S.W.3d 303, 309 (Mo. App. S.D. 2015) (quoting ***Tilley v. State***, 202 S.W.3d 726, 735 (Mo. App. S.D. 2006)). Appellate counsel cannot be "deemed ineffective by failing to raise a meritless claim." ***Id.*** Turning to the motion court's judgment, we conclude its findings and conclusions are not clearly erroneous because Courtois did not have strong grounds for challenging the admission of his statements made during his police interviews.

Statements made during a custodial interrogation are inadmissible unless the accused voluntarily and knowingly waives his or her right to remain silent per *Miranda*. ***State v. Mendez-Ulloa***, 525 S.W.3d 585, 592 (Mo. App. E.D. 2017) (quoting ***Berghuis v. Thompkins***, 560 U.S. 370, 382 (2010)). A waiver is voluntary if "it was the product of free and deliberate choice," and knowledge considers whether the waiver "was made with a full awareness of the nature of *Miranda* rights being abandoned and the consequences of the decision to abandon those rights." ***Id.*** The accused must understand the warnings he or she may remain silent and request a lawyer, and that the State may use any

9

statements made to secure a conviction, but the accused need not "know and understand all of the possible consequences of [a] waiver" for it to be knowing and intelligent. *State v. Mitchell*, 2 S.W.3d 123, 127 (Mo. App. S.D. 1999).

There is no dispute Courtois's interviews were performed while he was in custody, and thus an argument that the trial court erred by admitting Courtois's statements from those police interviews would have depended on whether Courtois's waiver of his right to remain silent was knowing and voluntary. *State v. Duke*, 427 S.W.3d 336, 340 (Mo. App. S.D. 2014). "A knowing and intelligent waiver is normally shown by having a police officer testify that he [or she] read the accused his [or her] rights, asked whether the rights were understood, and received an affirmative response." *State v. Watkins*, 618 S.W.3d 265, 269 (Mo. App. E.D. 2021) (internal quotations and citation omitted). The detective who interviewed Courtois met this burden by testifying that she advised him of his *Miranda* rights using a standard form before each interview, testifying that Courtois nodded in response, and by producing the acknowledgment forms Courtois signed before both interviews. *See Duke*, 427 S.W.3d at 340 (finding a knowing waiver from a detective reading *Miranda* warnings from a form and the defendant signaling his understanding by signing the form).

> "The test for voluntariness is whether, under the totality of the circumstances, the defendant was deprived of free choice to admit, to deny, or to refuse to answer and whether physical or psychological coercion was of such a degree that the defendant's will was overborne at the time he confessed."

*State v. Greathouse*, 559 S.W.3d 108, 111 (Mo. App. S.D. 2018) (quoting *State v. Rousan*, 961 S.W.2d 831, 845 (Mo. banc 1998)). Courtois argued to the motion court that his waiver was not voluntary because he thought "he had to sign" the waiver, and he

10

was "scared and thought he had to cooperate." This argument was premised entirely on his own self-serving testimony, which the motion court could disregard as not credible. *See* **State v. Lytle**, 715 S.W.2d 910, 916 (Mo. banc 1986) ("[T]he trial court certainly was free to disbelieve defendant's testimony that his confession resulted from any violence or fear[.]").

Furthermore, and to the extent Courtois relies on his limited education, mental ability, and age of 17, these factors by themselves do not render a confession involuntary. **State v. Johnson**, 207 S.W.3d 24, 45 (Mo. banc 2006) ("Evidence of the defendant's physical or emotional condition alone, absent evidence of police coercion, is insufficient to demonstrate that the confession was involuntary.") (quoting **Rousan**, 961 S.W.2d at 845); **State v. Jackson**, 248 S.W.3d 117, 123 (Mo. App. S.D. 2008) (stating similar). Courtois's amended Rule 29.15 motion did not allege the police detective conducting his interviews used any coercive tactics, leaving the motion court with no basis to find his statements were involuntary. Courtois does allege on appeal that the interviewing detective gave "improper implied assurances of leniency or favorable treatment" if he confessed, but he did not raise this claim in his amended Rule 29.15 motion. As such, Courtois failed to preserve any claim regarding the detective's interrogation tactics.[4]

---

[4] Were we to consider this argument as preserved, Courtois's contention that the detective employed "improper implied assurances of leniency" is premised on statements like "it's really important that you pick the right path today[,]" "it is really important for you, and your future that you be honest about this[,]" and "it's really important that we get you the help that you need[.]" Such statements are not improperly coercive as a matter of law. *See* **State v. Weicht**, 23 S.W.3d 922, 928 (Mo. App. S.D. 2000) ("[S]tatements to a suspect that cooperating is in his or her best interests are not improperly coercive . . . .") (quoting **State v. Simmons**, 944 S.W.2d 165, 175 (Mo. banc 1997)); *see also* **State v. Blackman**, 875 S.W.2d 122, 138 (Mo. App. E.D. 1994)

*Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011) ("[A]ny allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal.") (internal quotations and citation omitted); *Ryan v. State*, 660 S.W.3d 695, 699 (Mo. App. S.D. 2023) (stating the same). Courtois may not remedy any defects from his amended Rule 29.15 motion by presenting evidence in a refined point on appeal. *Johnson*, 333 S.W.3d at 471.

As appellate counsel recognized, challenging the trial court's decision to admit the statements Courtois gave during the police interviews hinged on whether his statements were knowing and voluntary, and whether Courtois's waiver was knowing and voluntary "was essentially a credibility determination by the trial court[]" as between Courtois and the police detective's testimony. *See Weicht*, 23 S.W.3d at 929 ("The trial court was entitled to believe or disbelieve the officer's testimony regarding the reading of the warnings."). The trial court made a credibility determination from the evidence that Courtois's waiver of his *Miranda* rights was knowing and voluntary, making an appellate challenge highly unlikely to succeed. *See Johnson*, 207 S.W.3d at 44 ("[D]eference is given to the trial court's determinations of credibility."). Under these circumstances, appellate counsel's decision to not challenge the trial court's denial of Courtois's motion to suppress, and related objections at trial, did not constitute ineffective assistance of counsel. *See Meiners*, 540 S.W.3d at 838 ("[C]ounsel may strategically decide to forgo certain arguments in favor of others."). The motion court did not clearly err by denying Courtois's amended Rule 29.15 motion because his appellate counsel did not provide

(finding a confession to be voluntary despite a detective telling a suspect "he could and would be helped" because the confession was not conditioned on future psychiatric help).

12

ineffective assistance in declining to raise what would have been "a meritless claim."

***Smith***, 467 S.W.3d at 309.  Point I is denied.

<u>Plain Error Review is not Available for Claims not Raised in a Post-Conviction Relief<br>Motion.</u>

Under Point II, Courtois argues the motion court:

plainly erred by failing to inquire and ascertain from [Courtois] that the amended motion filed by post[-]conviction relief counsel on [Courtois's] behalf included all claims for relief known to him and to ensure his understanding that he waives any claim for relief known to him that is not listed in the motion[.]

However, plain error review is not cognizable on appeal for any claims a movant failed to include in a post-conviction motion.[5]  ***McLaughlin v. State***, 378 S.W.3d 328, 340 (Mo. banc 2012); ***Ryan***, 660 S.W.3d at 699.  Moreover, Courtois's argument essentially claims that less than all claims were included in his amended Rule 29.15 motion, which effectively attacks post-conviction counsel's efforts and is "more appropriately characterized as a claim of ineffective assistance of post-conviction counsel" since post-conviction counsel timely filed an amended Rule 29.15 motion.[6]  ***McFadden v. State***,

---

[5] Plain error review grants Missouri state courts the discretion to review unpreserved claims of error on direct appeal for errors affecting substantial rights.  ***State v. Brandolese***, 601 S.W.3d 519, 525-26 (Mo. banc 2020).

[6] A movant is initially responsible for including all claims in his or her *pro se* motion:

The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.

Rule 29.15(d).  Once counsel is appointed, it becomes counsel's duty to make sure all claims are included, as provided in Rule 29.15(e):

Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert

13

619 S.W.3d 434, 462 (Mo. banc 2020) (quoting *Eastburn v. State*, 400 S.W.3d 770, 774 (Mo. banc 2013)).  Such a claim is categorically unreviewable in Missouri state courts. *Id.*

Courtois acknowledges precedent refusing to entertain claims of error based on post-conviction counsel's failure to include claims in a timely Rule 29.15 motion, *e.g.*, *Barton v. State*, 486 S.W.3d 332, 338 (Mo. banc 2016), but nonetheless argues plain error review and a remand for additional fact-finding is justified in light of the United States Supreme Court's decision in *Shinn v. Ramirez*, 596 U.S. 366 (2022).  We disagree.

Federal habeas courts may consider post-conviction relief claims of state prisoners if they first present their claims in state court under applicable state rules.  *Id.* at 378.  Otherwise, their claims are "procedurally defaulted" and not reviewable, but ineffective assistance of post-conviction counsel is "cause" to forgive procedural default. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).  *Shinn* held that, while habeas courts may forgive procedural default, they may not hold evidentiary hearings to consider evidence beyond what was established at the state-court level even if post-conviction counsel failed to develop the state-court record.  596 U.S. at 371.  This holding followed the understanding that "there is no constitutional right to counsel in state post[-]conviction proceedings[,]" and 28 U.S.C. section 2254(e)(2) (1996) limits the scope of evidentiary hearings in habeas courts.  *Id.* at 383-85.  *Shinn* did not impose additional restrictions on post-conviction relief proceedings in state courts, and Courtois identifies nothing further

sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.

14

to claim he is entitled to an additional opportunity to raise post-conviction relief claims through plain error review.[7]

To the extent Courtois is claiming the motion court plainly erred by failing to independently inquire about his post-conviction counsel or his post-conviction claims, we find no requirement or duty that the motion court undertake any obligation to question a movant regarding post-conviction counsel's performance or to give a movant the chance to state additional claims for relief not included in the amended motion. Under Rule 29.15(k), this Court's review of the denial of a post-conviction motion is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. This Court finds no authority, by Rule or caselaw, granting it authority to review such a claim.

As previously stated herein, "[i]n actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *Shockley*, 579 S.W.3d at 899 (quoting *Johnson*, 333 S.W.3d at 471). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *Id.* Moreover, Missouri's post-conviction relief rules expressly waive any claims for relief that a movant did not raise in a motion, and so plain error review is not available for any claims Courtois failed to include in his amended Rule 29.15 motion. *Id.* at 899-900; *Marvin v. State*, 679 S.W.3d 89, 94 (Mo. App. S.D. 2023). Point II is denied.

---

[7] We are not the first state court to reject a claim that *Shinn* justifies additional opportunities to raise post-conviction relief claims in state court. *See Creech v. State*, 543 P.3d 494, 498 (Idaho 2024) ("*Shinn* has no bearing on state statutes . . . .").

15

## Conclusion

The motion court did not clearly err when it denied Courtois's claim for post-conviction relief on the basis appellate counsel provided ineffective assistance of counsel. We additionally cannot employ plain error review for claims not raised in a post-conviction relief motion. The motion court's judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS